IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. |
| v. | ) ) ) | |
| AMERICALL GROUP, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION,
AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its complaint alleges:

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105, to obtain monetary civil penalties, a permanent injunction, and other equitable relief from Defendant for its violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Commission's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as amended.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 56(a). This action arises under 15 U.S.C. § 45(a).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1395(a), and 15 U.S.C. § 53(b).

**FEDERAL TRADE COMMISSION**

4. The Commission is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The Commission enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. Additionally, the Commission enforces the Telemarketing Act, 15 U.S.C. §§ 6101-6108. Pursuant to the Telemarketing Act, the Commission promulgated and enforces the TSR, 16 C.F.R. Part 310, which prohibits deceptive and abusive telemarketing acts or practices.

**DEFENDANT**

5. Defendant Americall Group, Inc. ("Americall") is a Delaware for-profit corporation with its principal place of business located within this District at 1230 E. Diehl Road, Suite 300, Naperville, Illinois 60563. Americall is a large, national third-party telemarketer that initiates outbound telephone calls to induce consumers to purchase goods or services from its client sellers. Americall transacts or has transacted business in this District.

6. At all times relevant to this Complaint, Defendant has maintained a substantial course of trade or business in the offering for sale and sale of goods or services via the telephone, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## THE TELEMARKETING SALES RULE
## AND DO NOT CALL PROVISIONS

7.  Congress directed the Commission to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15 U.S.C. §§ 6101-6108. The Commission adopted the original TSR in 1995, extensively amended it in 2003, and amended certain provisions thereafter. 16 C.F.R. Part 310.

8.  Under the TSR, an "outbound telephone call" means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution. 16 C.F.R. § 310.2(v).

9.  The TSR prohibits sellers and telemarketers from initiating an outbound telephone call to any consumer when that consumer previously has stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered (an "entity-specific do-not-call request"). 16 C.F.R. § 310.4(b)(1)(iii)(A).

10. The TSR prohibits sellers and telemarketers from engaging in conduct that denies or interferes in any way, directly or indirectly, with a person's right to be placed on a list of persons who made entity-specific do-not-call requests. 16 C.F.R. § 310.4(b)(1)(ii).

11. The TSR requires that sellers and telemarketers transmit or cause to be transmitted the telephone number of the telemarketer and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call, or transmit the customer service number of the seller on whose behalf the call is made and, when made available by the telemarketer's seller, the name of the seller. 16 C.F.R. § 310.4(a)(8).

12. Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## DEFENDANT'S BUSINESS ACTIVITIES

13. Defendant conducts telemarketing campaigns designed to sell a variety of goods and services on behalf of Defendant's many clients. Defendant's clients are sellers who, in connection with a telemarketing transaction, provide, offer to provide, or arrange for others to provide goods or services to the customer in exchange for consideration.

14. Defendant is a "telemarketer" engaged in "telemarketing," as defined by the TSR, 16 C.F.R. § 310.2. Defendant's clients are "sellers" as defined by the TSR, 16 C.F.R. § 310.2.

15. Defendant initiates outbound telephone calls to consumers in the United States in which Americall representatives seek to induce consumers to purchase goods or services from Defendant's clients.

16. Defendant has engaged in telemarketing by a plan, program, or campaign conducted to induce the purchase of goods or services by use of one or more telephones and which involves more than one interstate telephone call.

17. Defendant specializes in providing outbound telemarketing services for the financial services and insurance industries. Defendant's clients include major banks and credit card companies. Other clients include sellers of household products, magazine subscriptions, beauty products, and educational materials.

**Interfering with Consumers' Right to Be Placed on
an Entity-Specific Do-Not-Call List**

18. Defendant trains Americall representatives to interfere with entity-specific do-not-call requests. Defendant's training manual instructs Americall representatives that, absent additional information, a consumer who responds to a call from Americall saying, "Don't call again," "Don't call me back," or "I do not accept solicitation call [sic]," should not be placed on the entity-specific do-not-call list of the seller on whose behalf Americall is calling.

**Failing to Transmit Proper Caller ID**

19. In the course of the telemarketing described above, Defendant is aware of the name of the calling party that is transmitted to caller identification services for calls made by Americall. Defendant, through its clients or agents, is able to alter the name of the calling party that is transmitted to caller identification services for calls made by Americall.

20. In numerous instances, Defendant has made telemarketing calls that transmitted or caused to be transmitted caller names that did not name Americall or the seller on whose behalf Americall was making the telephone call. For example, in numerous instances, when engaged in telemarketing on behalf of National Fire Insurance, Defendant transmitted or caused to be transmitted to consumers the promotional phrase "Gas Rebate Center" to entice them to answer the phone.

**VIOLATIONS OF THE TELEMARKETING SALES RULE**

**COUNT I
Interfering with Consumers' Right to Be Placed on an Entity-Specific Do-Not-Call List**

21. In numerous instances, in connection with telemarketing, Defendant engaged in, or caused others to engage in, denying or interfering, directly or indirectly, with a person's right to

be placed on an entity-specific do-not-call list in violation of the TSR, 16 C.F.R. § 310.4(b)(1)(ii).

## COUNT II
### Failing to Transmit Proper Caller ID

22.   In numerous instances, in connection with telemarketing, Defendant has failed to transmit or cause to be transmitted the name of the telemarketer or of the seller to any caller identification service in use by a recipient of a telemarketing call in violation of the TSR, 16 C.F.R. § 310.4(a)(8).

## CONSUMER INJURY

23.   Consumers in the United States have suffered and will suffer injury as a result of Defendant's violations of the TSR. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

24.   Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any violation of any provision of law enforced by the Commission.

25.   Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (2009) and by 74 Fed. Reg. 857 (Jan. 9, 2009) (to be codified at 16 C.F.R. § 1.98(d)), authorizes this Court to award monetary civil penalties of up to $11,000 for each violation of the TSR committed on or before February 9, 2009, and up to $16,000 for each violation of the TSR committed after February 9, 2009. Defendant's violations

of the TSR were committed with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

26.    This Court, in the exercise of its equitable jurisdiction, may award ancillary relief to remedy injury caused by Defendant's violations of the TSR and the FTC Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court, as authorized by Sections 5(a), 5(m)(1)(A), and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b), and pursuant to its own equitable powers:

A.    Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this Complaint;

B.    Award Plaintiff monetary civil penalties from Defendant for every violation of the TSR;

C.    Enter a permanent injunction to prevent future violations of the TSR and the FTC Act by Defendant;

D.    Order Defendant to pay the costs of this action; and

E.    Award Plaintiff such other and additional relief as the Court may determine to be just and proper.

| OF COUNSEL: | FOR THE UNITED STATES OF AMERICA: |
|---|---|
| DEANYA T. KUECKELHAN<br>Director, Southwest Region | TONY WEST<br>Assistant Attorney General<br>Civil Division<br>United States Department of Justice |
| THOMAS B. CARTER<br>Attorney, Southwest Region<br>Texas Bar No. 03932300 | PATRICK FITZGERALD<br>United States Attorney<br>Northern District of Illinois |
| ELISEO N. PADILLA<br>Attorney, Southwest Region<br>Florida Bar No. 192929 |  s/ Thomas P. Walsh<br>THOMAS P. WALSH<br>Assistant United States Attorney<br>219 S. Dearborn Street, Fifth Floor |
| Federal Trade Commission<br>1999 Bryan Street, Suite 2150<br>Dallas, Texas 75201<br>(214) 979-9372 (Carter)<br>tcarter@ftc.gov<br>(214) 979-9382 (Padilla)<br>epadilla@ftc.gov<br>(214) 953-3079 (Facsimile) | Chicago, IL 60604<br>973-645-2700<br>Bar No. _____ |

MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director
Consumer Protection Branch

KENNETH L. JOST
Deputy Director
Consumer Protection Branch

ALAN PHELPS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
Phone: 202-307-6154
alan.phelps@usdoj.gov